# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | | |
|---|---|---|
| BARBARA A. DELANCEY | ) | |
| | ) | |
| v. | ) | NO. 2:05-CV-06 |
| | ) | |
| JO ANNE B. BARNHARDT, | ) | |
| Commissioner of Social Security | ) | |

## **MEMORANDUM OPINION**

The plaintiff Barbara A. Delancey has filed a motion for summary judgment on her complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying her application for supplemental security income under the Social Security Act. The defendant has also filed a motion for summary judgment.

Ms. Delancey was born in 1971 and was 32 years old at the time of her administrative hearing. [Tr. 506]. She completed her Graduate Equivalency Development [GED] diploma and has no relevant past work experience. [Tr. 19, 506-07]. Ms. Delancey alleges she is disabled as of December 17, 2002, from fibromyalgia, deterioration of the neck and back, and depression. [Tr. 19, 505]. Based upon a finding that her severe impairments were not severe enough, the Administrative Law Judge [ALJ] found that Ms. Delancey was not disabled as defined

by the Social Security Act. [Tr. 23].

At Ms. Delancey's administrative hearing held on February 26, 2004, the testimony of Ms. Delancey and vocational expert Cathy Sanders was received into evidence. [Tr. 506-17]. Ms. Delancey testified she believed she was unable to work because of lower back and neck pain. [Tr. 507]. She also experiences depression and fibromyalgia. [Tr. 508-09]. She is able to cook light meals and drive on occasion. [Tr. 510]. Ms. Delancey also testified that while marijuana/cannabis and alcohol were problems for her a few years ago, they no longer are. [Tr. 511].

Vocational expert Cathy Sanders testified that Ms. Delancey had no past relevant work experience. [Tr. 515]. The ALJ then asked her to consider a person of Ms. Delancey's height, weight, education, and work background who retained the residual functional capacity [RFC] for light work activity and has mild to moderate restrictions regarding her ability to perform work-related activities. [*Id.*]. Such a person could work, the vocational expert testified, as a cashier, waiter, cleaner, miscellaneous food preparer, machine operator, kitchen helper, and general office clerk, for example. [*Id.*]. If such a person had greater than moderate restrictions on her ability to perform work-related activities, she could not work. [Tr. 516].

The ALJ ruled that Ms. Delancey was not disabled because her severe impairments of cannabis dependence, fibromyalgia, and a disorder of the neck and

2

back were not severe enough to warrant a finding of disability. [Tr. 23]. The ALJ then found Ms. Delancey retained the RFC, absent cannabis abuse, to perform light work. [Tr. 23]. With those limitations, Ms. Delancey could perform work that exists in significant numbers in the national economy. [Tr. 25].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Ms. Delancey requests summary judgment and challenges the ALJ's finding that she retained the RFC to perform light work. According to the ALJ, Ms. Delancey, absent cannabis abuse, retained the RFC to perform light work, including lifting/carrying no more than 20 pounds at one time and frequently lifting/carrying 10 pounds. [Tr. 23, 25]. This RFC determination coincided with that of a state agency

3

physician who stated in April 2003 that Ms. Delancey could lift/carry 20 pounds occasionally, lift/carry 10 pounds frequently, and sit/stand/walk for six hours of an eight-hour workday. [Tr. 23, 381]. In addition, the ALJ noted that no treating physician concluded Ms. Delancey was unable to work. [Tr. 23].

The ALJ's RFC determination was actually more favorable to Ms. Delancey than others proposed in the medical record. One physician concluded in July 2001 that Ms. Delancey did not have any physical limitations on her ability to work. [Tr. 284]. In December 2001, two physicians opined Ms. Delancey could occasionally lift/carry 50 pounds, frequently lift/carry 25 pounds, and sit/stand/walk for six hours out of an eight-hour workday. [Tr. 288, 294, 319, 325]. Based upon the findings of the state physician and treating physicians, Ms. Delancey could perform light work, and the ALJ's decision was based on substantial evidence.

Ms. Delancey also argues the ALJ erred in failing to properly evaluate her complaints of pain. According to the ALJ, Ms. Delancey's "allegations of disabling pain and other disabling physical symptoms [were] not supported by the record as a whole." [Tr. 24]. Essentially, then, Ms. Delancey challenges the ALJ's credibility determination. The ALJ noted Ms. Delancey does not undergo regular ongoing treatment for pain or other physical symptoms, no treating physician has opined she is disabled from pain, diagnostic testing on burning pain in her leg was negative,

4

diagnostic testing on the brain for headaches was negative, and she is able to care for her daughter and perform some household chores. [Tr. 23-24]. The ALJ also mentioned Ms. Delancey's non-compliance with some medical treatment and inconsistent statements about her use of marijuana/cannabis. [Tr. 24]. Based on the above findings of the ALJ, his decision that Ms. Delancey's allegations of pain were not entirely credible was made with substantial evidence. Ultimately, this court will note that it is not within its purview to revisit issues of credibility. *Walters*, 127 F.3d at 528.

After careful consideration of the entire record of proceedings related to this case, Ms. Delancey's motion for summary judgment will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:

    s/Thomas Gray Hull
THOMAS GRAY HULL
  SENIOR U. S. DISTRICT JUDGE